**SWANSTROM v. INSURANCE CO. OF NORTH AMERICA.**

**No. 12947.**

United States District Court
S. D. California, Central Division.

July 13, 1951.

Newell & Chester, Los Angeles, Cal., for plaintiff.

Hindman & Davis, Los Angeles, Cal., for defendants.

HARRISON, District Judge.

Plaintiff purchased from the defendant in August 1947 a personal property floater policy for a term of three years. The policy purports to insure all personal property owned by the plaintiff, except as otherwise provided, against all risks of loss or damage, except as otherwise provided, including unscheduled personal property up to the amount of $12,000. The policy contained the exclusion clauses customarily found in the personal property floater type policy. The clause relied upon by defendant to relieve it from liability under the policy is the 'business property exclusion" clause which reads as follows:

*"Exclusions*

"6. This policy does not insure * * *

"(b) unscheduled property pertaining to a business, profession or occupation of the persons whose property is insured hereunder, excepting professional books, instruments and other professional equipment owned by the Assured while actually within the residence of the Assured;"

The meaning of this clause is the only issue to be decided by this action.

For a considerable period of time the plaintiff has collected objects of art and antiques. Prior to the day of the fire this property had been placed in a restaurant owned and operated by the plaintiff. The property was being used in the decoration and adornment of the restaurant. It was this property which was damaged in the fire that occurred in the restaurant on July 18, 1950.

It is stipulated that all of the property which is the subject of this suit is unscheduled property referred to in the policy. It is also stipulated that all of the property involved was in the restaurant at the time of the fire and that it was being used to carry out a certain decorative scheme. It is further stipulated that the operation of the restaurant constituted the business of the plaintiff.

■ These facts narrow the question to a consideration of whether or not at the time of the fire the objects of art and the antiques decorating the restaurant pertained to the business of the insured and were thereby excluded from coverage under paragraph 6(b) of the floater policy. I think they did. When the property was placed in the restaurant the character of the risk was changed. The language of the exclusion clause is clear and unambiguous. It was intended to exclude just this sort of use of the property. The loss suffered by the plaintiff arose out of a risk pertaining to the business of operating a restaurant.

■ Plaintiff asks us to find an ambiguity in the contract and invoke the rule that ambiguities in a contract of insurance are construed against the insurer. But where no uncertainty exists the court cannot create one. The ambiguity rule does not require the court to give a policy a strained and unnatural construction. "The words of a contract are to be understood in their ordinary and popular sense, * * *" (CC 1644). Plaintiff concedes that in its broadest sense, "pertaining to a business" is sufficiently wide in meaning to cover almost anything that one engaged in a business might own. I can agree that the intention of the defendant was probably to make the clause as broad as possible in its exclusion. However, clearly it would not exclude everything owned by one in business. It is the ownership of the insured plus some connection with the business which excludes the property from coverage. It is this last element that distinguishes the excluded from the covered unscheduled property. The clause is not, as plaintiff argues, so broad as to completely deprive plaintiff of the coverage that she is entitled to under the policy. It is the character of the use not the nature of the property that is determinative of the coverage or exclusion under clause 6(b) of the floater policy. Plaintiff argues that so far as the personal property here involved is concerned, there is nothing in the nature of the paintings and works of art being temporarily used by plaintiff to decorate her restaurant which is peculiar to the restaurant business, and, therefore, the property is not within the exclusion clause. The result would be otherwise, plaintiff continues, if the property destroyed and claimed in the proof of loss consisted of tables, chairs, eating utensils, etc.—items which by their very nature are peculiar and essential to the business of a restaurant. The exclusion clause is not limited to property peculiar to or by its nature essential to the particular business of the insured. Conceding for the purposes of argument that the exclusion clause was so limited, a strong argument could be made that decorations are an integral part of a restaurant, except perhaps in the case of a restaurant of severe modern design. Apparently the restaurant in question purported by decoration and interior design to belong to a certain historical period. Accepting the plaintiff's thesis it could then be argued that such decorations were an essential part of the restaurant environmentally considered. However, such argumentation is not necessary. The words of the policy are clearly broader than the interpretation asked for by plaintiffs.

Defendant expressly concedes, as does the plaintiff inferentially, that no cases have been found dealing with this precise contract and provision. Several cases have been cited illustrating analogous situations. They are persuasive of the defendant's

point of view but reliance upon them is not necessary to an affirmance of defendant's position. The uncontested state of the facts together with the clear and unambiguous provision of the insurance contract are sufficient to persuade me of the defendant's case.

Plaintiff has cited one case approaching the merits of the instant case, Island v. Fireman's Fund Indemnity Co. et al., 30 Cal.2d 541, 184 P.2d 153, 173 A.L.R. 896, which is distinguishable from this case in that the policy involved therein contained no limitation on the general coverage provision such as we have here. It is this limitation clause which is the crux of the entire matter.

I think it is clear that the property lost was unscheduled property pertaining to the business of the insured and is therefore expressly excluded from the insuring clause of the policy.

Defendant is directed to submit proposed findings and judgment within fifteen days from date hereof.