**UNION PAC. R. CO. v. UNITED STATES.**
No. 49505.

United States Court of Claims.

April 7, 1953.

Lawrence Cake, Washington, D. C., for plaintiff. Raymond A. Negus, Washington, D. C., was on the brief.

Gilbert E. Andrews, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This is an action to recover sums alleged to be due plaintiff, a common carrier by railroad, for transportation charges on a number of shipments of articles carried for the defendant in 1945 from various points in the United States and Canada to other points in the United States. The charges were billed by plaintiff on the basis of

classification of the articles as "Bombs or mines" under Item 1820 of Consolidated Freight Classification No. 16,[1] and were originally paid by defendant as billed.

Subsequently, upon audit of the bills by the General Accounting Office, overpayments were determined on the ground that the articles shipped were not in fact complete in the parts essential to their functioning as "incendiary bombs" within the meaning of Items 1800 and 1820 of Consolidated Freight Classification No. 16, and that as the articles were not specifically classified by name, charges should have been billed on the basis of rating them as "Combination Articles" under Classification Rule 18.[2] The resulting overpayments so determined were deducted from other sums due plaintiff.

Plaintiff contends that the transportation charges on the articles shipped were correctly billed on the basis of rating them as "incendiary bombs" under Item 1820 of the Classification. Defendant contends that the articles shipped were not "incendiary bombs," because they were shipped without bursters and fuzes, which, defendant says, eliminates the most important transportation characteristic of an incendiary bomb. It is defendant's position that the articles were properly rated by the General Accounting Office as combination articles of the fifth class under Rule 18, but assuming, *arguendo*, that Rule 18 is inapplicable, the articles are in any event ratable under Rule 17[3] as analogous to dummy bombs or other articles of the fifth class.

The articles carried by plaintiff consisted of two types of bomb bodies described by the symbols M76 and M47 A2, filled with PT1 or NP gels respectively. The M76 is a 500-pound steel bomb body which is filled with PT1 gel, and the M47 A2 is a 100-pound steel bomb body which is filled with NP gel. PT1 and NP, although not self-igniting, are incendiary mixtures, the first being a grayish-black solid which can be briefly, if perhaps not completely accurately, described as a gasoline gel-magnesium mixture, and the latter consisting of a gel of Napalm in gasoline. (See findings 3 (a) and (b) for a more complete and accurate description of the bomb bodies and the gels.)

A completed incendiary bomb, capable of functioning as such in the field, consists of a bomb body filled with inflammable material, such as the PT1 or NP gels, and equipped with a burster and fuze to open the bomb body and scatter and ignite the contents. Absent the burster and fuze, the bomb body filled with gel would not function as an incendiary bomb. All of the articles involved in this suit were packed and shipped without the fuzes, bursters, or other mechanisms necessary to the operation of the articles as completed incendiary bombs.

The first issue presented is whether the articles shipped without bursters and fuzes are "incendiary bombs" within the meaning of Items 1800 and 1820 of Consolidated Freight Classification No. 16. If this be answered in the affirmative, we need not consider the contentions of the parties as to

1. Item 1820, with the preceding heading, is as follows:
   "1800 Ammunition, Explosive, Incendiary or Gas, Smoke or Tear Producing,
   * * *
   \* \* \* \* \* \*
   "1820 Bombs or mines, * `* *"

2. Rule 18 reads:
   "Combination Articles
   "When not specifically classified, articles which have been combined or attached to each other, will be charged at the rating for the highest classed article of the combination, and on shipments subject to CL rating the minimum weight will be the highest minimum weight provided for such highest rate or rating."

3. Rule 17 reads:
   "Classification by Analogy
   "When articles not specifically provided for, nor embraced in the classification as articles "noibn", are offered for transportation, carriers will apply the classification provided for articles which, in their judgment, are analogous; in such cases agents must report facts to proper officer of Freight Department in order that rating applied may be verified and necessary classification provided. This rule will not apply in connection with ratings or rates published in Exceptions to the Classification or in commodity tariffs."

the application of Rules 17 and 18, for these rules do not apply where there is a specific classification.

At the outset, it should be noted that while this court has no rate-making functions, Union Pacific Railroad Co. v. United States, 101 F.Supp. 78, 121 Ct.Cl. 463, 465, the construction and application of published rates and classifications are proper matters for the courts as well as for the Interstate Commerce Commission. Great Northern Railway Co. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943. If the question is which of two rates apply, and there is no contest about the reasonableness of either rate, and the tariffs contain no technical words or phrases employed in a peculiar meaning, the question is not exclusively for the Commission, but is one of which the courts have jurisdiction. Bernstein Bros. Pipe & Machinery Co. v. Denver & R. G. W. R. Co., 10 Cir., 193 F.2d 441.

We are of the opinion that when a steel bomb body, such as the M76 or M47 A2, is filled with an incendiary gel, such as PT1 or NP, it is an incendiary bomb, regardless of whether it contains a burster and fuze. While the absence of the burster and fuze admittedly renders the shipment of the article less hazardous from a transportation standpoint, the only logical description of such an article is as an incendiary bomb. The articles as described on the bills of lading were incendiary bombs without bursters and fuzes, and they had no purpose or use except as incendiary bombs.

The presence or absence of parts essential to the functioning of the articles shipped as completed incendiary bombs does not affect the identity of the articles as such, and it is well settled that in the construction and application of railroad tariffs the absence of essential parts not affecting the identity of the thing itself does not alter the fundamental character of the article from a tariff or transportation standpoint. Lakewood Engineering Co. v. New York Central Railroad Co., 6 Cir., 259 F. 61.

As previously stated, the hazards involved in the transportation of the shipments for which plaintiff is suing were not as great as would have been the case had the articles been shipped fully assembled. And it may well be that a lower tariff rate should apply to the carriage of the less hazardous incendiary bomb. This question is not within our jurisdiction, however, as the question of the reasonableness of rates is a matter entrusted by Congress solely to the Interstate Commerce Commission.

We hold, therefore, that the transportation charges on the shipments in question were correctly billed by plaintiff, and that the deductions made by the General Accounting Office were improper, under the facts of this case.

The parties have stipulated that the judgment of the court may be an interlocutory judgment on the issue of liability, the entry of final judgment to be withheld pending the filing of a further stipulation of the parties.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.