132

Argued April 7, affirmed September 10, 1969

## TAYLOR et ux, *Respondents, v.* ST. PAUL FIRE & MARINE INSURANCE CO., *Appellant.*

458 P2d 671

*Myron L. Enfield,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*William G. Nokes,* Silverton, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and McAllister, O'Connell, Denecke and Langtry,* Justices.

O'CONNELL, J.

This is an action on an insurance policy to recover the value of eight mink fur garments which were stolen from the plaintiffs' house trailer. The case was tried before the court without a jury. Defendant appeals from a judgment awarding the plaintiff $2,000 plus attorney's fees.

Plaintiffs were insured under a policy of insurance issued by defendant which provided the following coverage:

"Part 1.—This policy insures personal effects * * * owned by and for the personal use, adornment or amusement of the Insured or any member of the Insured's family travelling with the Insured, while in transit or while in any hotel or other building en route during any journey anywhere in the World on water, land or in the air."

The only question presented is whether the eight fur pieces stolen from plaintiffs come within the meaning of the above quoted language.

The plaintiffs are mink ranchers with twenty years experience in the business. In 1961 the plaintiffs retired and according to their testimony they kept the mink garments in question because they thought that they might not again have access to fur pieces of the same quality and color. The garments in question were worn only occasionally, if at all. Mrs. Taylor testified that the eight garments in question were for her personal use and adornment, but that she had

---

* Langtry, J., did not participate in this decision.

never worn them publicly because she had two other fur pieces which she preferred and which she wore regularly. Plaintiffs had never sold mink fur pieces commercially, their mink business having been confined to the sale of live breeder mink. In their business finished mink pelts rather than mink garments were generally used by them as samples of their breeder stock.

On July 10, 1966 while plaintiffs were at a motel near Gearhart, Oregon the eight mink garments were stolen from their house trailer. Plaintiffs had recently come from Florida and although they had made a down payment on some real property in Silverton, Oregon they were still undecided as to where they wished to live. Mr. Taylor testified that the purpose of the trip to Gearhart was to continue the search for a place to live. The evidence shows that the trip was motivated in part, at least, by the desire to have the furs in question modeled by the contestants in the Miss Oregon beauty contest, it being plaintiffs' feeling that this would be good advertising for the new mink ranch business which they hoped to establish at Silverton, Oregon. The fur pieces were stolen before the plan to use them at the beauty contest could be carried out.

Upon the basis of this evidence the trial court concluded that the eight mink garments came within the policy description "personal effects * * * owned by and for the personal use, adornment or amusement of the Insured or any member of the Insured's family."

We concur in this interpretation of the policy. Although it is not usual for one person to own at one time as many as ten mink fur pieces for their "personal use, adornment or amusement," it may occur and under the peculiar circumstances under which the furs

came into plaintiffs' possession there were reasonable grounds for the trial court to believe that the furs were for Mrs. Taylor's personal use or amusement. Plaintiffs had retired from the mink breeding business. It is not unreasonable to accept their statement that fur pelts then owned by them were made up into garments for Mrs. Taylor's use because pelts of similar quality might be difficult to obtain. It is possible that plaintiffs contemplated the eventual sale of some or all of the fur pieces but this would not exclude coverage if in the meantime the pieces were kept by Mrs. Taylor for her own use or even if only for her own "amusement" in treasuring a beautiful garment. Nor were the furs excluded merely because plaintiffs' trip to Gearhart was in part for a business purpose. According to plaintiffs' testimony they were travelling for both personal and business reasons. The trial court could reasonably have accepted this version of their trip to Gearhart. If the furs were being transported along with other personal belongings as an incident to their travel in search for a home, the fact that plaintiff may also have had a concurrent motive to serve a business purpose by exhibiting the furs would not exclude the property from coverage under the policy.

The judgment of the trial court is affirmed.