110 N.J. Super. 59 (1970)
264 A.2d 270
ARNOLD J. SINGER AND LOUISE SINGER, PLAINTIFFS,
v.
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A CORPORATION, AND MAIDEN LANE PARKING, A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 10, 1970.
*60 Mr. Dennis A. Cipriano for plaintiffs (Mr. Cyrus Bloom, attorney).
Mr. Donald King for defendants (Messrs. Zashin & King, attorneys).
FUSCO, J.S.C.
This is a motion for summary judgment brought by plaintiffs Arnold and Louise Singer against defendant National Fire Insurance Company of Hartford, on the issue of the extent of coverage of a personal insurance contract. No application has been made against defendant Maiden Lane Parking.
A comprehensive brief has been filed by plaintiff; there has been neither answering brief nor affidavit offered by defendant. There appears to be a complete absence of case law in this jurisdiction on this question.
The undisputed facts in this case are as follows: Plaintiffs and defendant entered an insurance agreement on *61 June 14, 1965, providing, in part, for "unscheduled personal property." The agreement reads further, "Property pertaining to a business is not covered." On May 15, 1967 an automobile, which belonged to plaintiffs and which contained certain items of Louise Singer's, was stolen. The missing items included an umbrella, boots, eyeglasses, raincoat and shoes, and several basalt plaques, busts and candlesticks. Payment has been made by defendant for the umbrella, boots, eyeglasses, raincoat and shoes, but not for the other items on the defendant's theory that they were "part of a business pursuit."
Plaintiff Louise Singer was an interior decorator and had decorated the interior of a Newark bank. She further suggested to a bank official that the addition of objets d'art to the directors' board room would "enhance" the room's appearance; she then brought objets d'art to the bank "to illustrate the improvement." She removed pieces of art from her home permanent collections to bring to the bank. On the trip to the bank, the items were stolen from the car. The pieces of art involved were "integral" parts of plaintiffs' living room, were not for sale and had never been offered for sale. They were not samples and had never been used for business purposes previously.
Plaintiffs argue that these facts establish a pattern which clearly indicates that the items were not "pertaining to business," relying on out-of-state cases as their authority. Defendant does not deny the facts as recited, but insists that the property involved "pertains" to business.
It has been held that "mere presence" of property in a business situation does not necessarily carry the extra burden of "pertaining" to business. Jerrel v. Hartford Fire Ins. Co., 251 Iowa 816, 103 N.W.2d 83, 86 (Sup. Ct. 1960). In that case plaintiffs' property had been in a public film vault and plaintiffs were upheld where a fire destroyed property which had belonged to a corporation they had controlled prior to its dissolution some time before the fire.
*62 In the more recent case of Taylor v. St. Paul Fire & Marine Ins. Co., Or., 458 P.2d 671 (Or. Sup. Ct. 1969), judgment was upheld for plaintiff mink breeders where ten fur pieces were stolen from their trailer. Plaintiffs here had never sold fur pieces in the past, their connection with the fur business being merely in a breeding capacity. The court indicated that, although evidence indicated they were partially motivated in their trailer trip in having beauty contestants model their furs for free publicity value, there was also evidence indicating that plaintiffs embarked on their trailer trip at least partially as a search for some place to live. "If the furs were being transported along with other personal belongings as an incident to their travel in search for a home, the fact that plaintiff may also have had a concurrent motive to serve a business purpose by exhibiting the furs would not exclude the property from coverage under the policy." At 672.
Where objects of art had been used to decorate plaintiff's restaurant for "a considerable time" and the objects were then destroyed in a fire, judgment was entered for defendants on a personal property insurance policy action. Swanstrom v. Insurance Co. of North America, 100 F. Supp. 374 (S.D. Cal. 1951). The court came to its decision because the loss suffered by plaintiff "arose out of a risk pertaining to the business of operating a restaurant." At 375. Even here, though, the court indicated the policy would not exclude everything owned by one in business. "It is the ownership of the insured plus some connection with the business which excludes the policy from coverage." Id.
It appears to this court, then, that the mere fact that there was an explicable business motive in the past (Jerrell, supra) or a possible business motive in the future (Taylor, supra) is not enough to take the property out of the domain of "personal" and treat it as "pertaining to business." The court is also aware of two rules of construction of insurance policies: insurance policy language is to be interpreted liberally in favor of the insured, Bowler v. *63 Fidelity & Cas. Co. of New York, 53 N.J. 313 (1969); and provisions in a policy describing property insured must be construed with reference to the nature of the property, the purpose for which it is ordinarily used and the manner in which it is ordinarily kept, Cement Sand and Gravel Co. v. Agricultural Ins. Co. of Watertown, N.Y., 225 Minn. 211, 30 N.W.2d 341 (Sup. Ct. 1947). See, also, 4 Appleman, Insurance Law and Practice § 2292, at 247 (1969).
In the instant case, although there might have been a "concurrent" potential business motive in plaintiff's mind, at the time the property was stolen it was personal property, kept as part of the plaintiff's personal art collection, and not "pertaining" to business within the contemplation of the policy.
The only opposition to plaintiff's motion comes from an answer to interrogatories promulgated by defendant's counsel in which it is stated, "Investigation in the file indicates a genuine issue of material fact as to the character of the property." There is no evidence of the nature of this "investigation."
Summary judgment should be entered only where it is shown palpably that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. R. 4:46-2; Judson v. People's Bank and Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). The instant case comes within both of these requirements.
The motion of the plaintiffs shall be granted as to defendant National Fire Insurance Company of Hartford.