Strafford,
No. 6181.

BERNARD A. GRASSIE & *a.*

*v.*

MERRIMACK MUTUAL FIRE INSURANCE COMPANY.

April 28, 1972.

*Burns, Bryant, Hinchey, Nadeau & Cox* and *John T. Barrett III* (*Mr. Barrett* orally) for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Kohls* (*Mr. Theodore Wadleigh* orally) for the defendant.

DUNCAN, J.    This case was transferred without ruling by the Superior Court (*Flynn, J.*) upon an agreed statement of facts. It presents the narrow question of whether a "comprehensive dwelling policy" issued by the defendant to the plaintiffs, and in particular a personal property floater annexed thereto, afforded coverage in excess of $250 against theft of a collection of watches owned by the insured. The floater insured "personal property owned, used or worn" by the insureds "while in all situations . . . " against "[a]ll risks of loss or damage . . . except as hereinafter provided."

The floater then provided:

"3. Insurance attaches only with respect to those items in this paragraph for which an amount is shown and only for such amount in any one loss.

ITEM AMOUNT

(a) *$12,500.* On unscheduled personal property, except as hereinafter provided, including but not exceeding:

  (i) $250 on gems, precious and semi-precious stones, jewelry, watches and furs; but with respect to such property of the Insured and members of the Insured's family of the same household this limitation shall not apply to loss or damage caused by fire, lightning, windstorm, cyclone, tornado, hail, explosion, riot, riot attending a strike, smoke or damage by vehicles or aircraft;

  (ii) $500 on notes, securities, stamps including philatelic property, accounts, bills, deeds, evidences of debt, letters of credit, passports, documents, railroad and other tickets;

  (iii) $100 on money including numismatic property.

  (b) $   ,   . On scheduled personal jewelry, watches, furs, fine arts and other property as per schedules attached hereto. Each item shall be considered separately insured and for not exceeding the amount shown on the schedule.

TOTAL *$12,500.*"

The defendant asserts that the limit upon recovery for the watches is $250, as provided by section 3 (a) (i). The plaintiffs maintain that since the watches constituted a collection, and were not carried or worn in customary fashion as time pieces, they do not fall within the exception set out in subparagraph (i). The argument is also advanced that the defendant could have, but did not, provide that the $250 limit should apply to "collections" of watches, although it did provide in subsections (ii) and (iii) that the limits of coverage on money and stamps should include "numismatic property" and "philatelic property". The latter argument may be answered, in part at least, by the fact that "watches" are not commonly held as collections.

The plaintiffs' principle argument is that while the watches were "owned" by them, they were not being "used or worn" as watches commonly are, but were kept together with clocks, as a collection or exhibition, and not used primarily for the purpose of telling time, and not subject to the risks commonly associated with such articles. The difficulty with this argument is that the policy makes no distinction based upon use, but

classifies the property insured according to kind. Unlike the "exclusion" found in paragraph 6 (d), excluding "unscheduled property pertaining to a business . . . ", the coverage of watches did not depend upon the use made of the property by the insured. *Compare Swanstrom* v. *Ins. Co. of N. America,* 100 F. Supp. 374 (D.C.S.D. Cal. 1951) *and Singer* v. *National Fire Ins. Co.,* 110 N.J. Super. 59, 264 A.2d 270 (1970).

As watches, the articles contained in plaintiffs' collection were like any watches, small articles, possibly of substantial value, and subject to being readily transported, concealed, mislaid, or stolen. In our judgment even though displayed in a collection and not operative, they remained "watches", within the ordinary meaning of the word. 4 Appleman, Insurance Law and Practice *s.* 2292, at 247 (1969); 11 Couch, Insurance *s.* 42.171 (2d ed. 1963); *see Union Pac. R.R.* v. *United States,* 111 F. Supp. 266 (U.S. Ct. Cl. 1953); *Automobile Ins. Co.* v. *Denny,* 206 F.2d 401 (8th Cir. 1953). Thus they were literally subject to the $250 limit applicable to watches.

We think that a reasonable person in the position of an assured would so understand. *Hoyt* v. *Insurance Co.,* 92 N.H. 242, 243, 29 A.2d 121, 123 (1942); *Aetna Ins. Co.* v. *State Motors,* 109 N.H. 120, 125, 244 A.2d 64, 67 (1968). Paragraph 3 (b) which immediately followed the limits specified in paragraph 3 (a), *supra,* provided a blank for the provision of a different limit on "scheduled personal jewelry, watches, . . . as per schedules attached [and] . . . separately insured . . . ." This would reasonably suggest to the ordinary policyholder that if a higher limit on watches were desired, it could be obtained by scheduling them at stated values.

The answer to the issue presented by the agreed statement of facts is that paragraph 3 (a) (i) of the floater does limit coverage for theft of the watch collection to $250.00.

*Remanded.*

All concurred.