JOSEPH MARRIAN, Respondent, *v.* LEO H. ROBBINS, Appellant.

*Insurance broker, obtaining insurance for his principal from an apparent agent of an insurance company — right of the principal, where the premium was paid by him to the broker and by the latter to the alleged agent, but was not paid by the latter to the insurance company, to recover against the broker — the broker must exercise ordinary care and prudence and good faith.*

An insurance agent, employed by a hotelkeeper to act as a broker in procuring a policy of fire insurance on the hotel, acts as the hotelkeeper's agent, and if such broker secures a policy of insurance, from a person who is apparently an agent of the insurance company issuing the policy, and pays over to such agent the premium furnished to him by the hotelkeeper, the fact that the policy of insurance thus obtained is subsequently canceled by the insurance company because the alleged agent of the insurance company was not in fact such and did not turn over the premium to it, will not render the broker liable to the hotelkeeper for the premium, unless it is found that the broker acted negligently or in bad faith toward the hotelkeeper.

An agent, undertaking to perform services for his principal, does not warrant that he will commit no mistake or error in performing such services, but simply that he will exercise ordinary care and prudence and will act in good faith.

APPEAL by the defendant, Leo H. Robbins, from a judgment of the County Court of Jefferson county in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 30th day of June, 1904, upon the verdict of a jury, and also from

an order bearing date the 29th day of June, 1904, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*A. J. Dewey,* for the appellant.

*James A. Ward,* for the respondent.

STOVER, J.:

The defendant is an insurance agent and broker at Watertown. Plaintiff requested the defendant to procure plaintiff a policy of insurance for $2,500 on a hotel in the town of Worthville, Jefferson county. The defendant was not authorized to take insurance in the territory in which the property was situated, but called upon one Duncan, who conducted a general insurance agency at Watertown, and obtained from him a policy of insurance in the Mutual Fire Insurance Company of Syracuse, N. Y. Duncan had obtained insurance from this company, had the policy in his possession, issued the same to plaintiff and delivered it to the defendant, who afterwards and on the 10th day of August, 1903, delivered the policy to the plaintiff, and received the sum of sixty-nine dollars, less some commissions thereon, being the premium upon the policy.

The evidence of the secretary of the insurance company was that the application was rejected by the company. No notice was given to the insured of the rejection, and afterwards, and on November tenth, the company wrote to the insured that the policy would be canceled on the sixteenth of November for the non-payment of the premium.

Upon the trial evidence was given as to the authority of Duncan to act as agent for the insurance company, and the question of fact left to the jury, who found in favor of the plaintiff.

The theory of the plaintiff's action is that having employed the defendant to obtain the insurance and he having failed to obtain valid insurance plaintiff was entitled to recover back the premium, the payment to Duncan having been unauthorized.

The questions of fact were properly submitted to the jury, but we think the learned court erred in refusing a request to charge, offered by the defendant. The court had charged the jury that "in this case, this insurance having been obtained by the defendant

for the plaintiff, the defendant acting as a broker, he was the agent of the plaintiff in procuring this insurance, and was not the agent of the company." This was not challenged, and, therefore, became the law of the case.

The defendant made the following request: "I ask Your Honor to charge the jury that if they find the policy was invalid at the time of the delivery, the defendant is not liable unless he has used negligence, bad faith and dishonor. The Court: I will not charge on that subject, I think; I will submit the case to the jury." The defendant duly excepted to the refusal to charge.

The court had nowhere instructed the jury on the subject of the duty of the defendant as agent or the limitation of his liability, and the proposition of law presented was correctly stated, we think, in the request of the defendant.

The law was correctly stated by the court that the defendant acting as a broker was the agent of the plaintiff. (*Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 608.) So the defendant could not be held liable unless he had acted either negligently, in bad faith or dishonestly. He was not undertaking to guarantee the insurance, but undertook to procure for plaintiff a policy. He went to an established insurance agent and paid the premium for the policy, but it turned out that either from the dishonesty of the agent or some other circumstance not in any way controlled by the defendant, the presumed agent did not pay over the premium to the company, and by reason of this action the policy was canceled. There was no allegation of bad faith or negligence, and no proof was given of either; but the jury were instructed that if Duncan had not the authority to receive funds for the insurance company then the payment to him by the defendant was unauthorized, and the plaintiff would be entitled to recover. The jury might have found under the evidence that the defendant was acting in the utmost good faith, supposing that Duncan had the right to receive the money, that everything he did was without improper motive, for the purpose and with the intention of procuring a valid insurance for the plaintiff. Having in good faith and in the exercise of proper care obtained a policy from one who was apparently an agent of the company, and in good faith paid over the premium to him, he had performed the duty that he had undertaken for the plaintiff and

had furnished him with a policy of insurance. Unless he was acting in bad faith or negligently, he was not responsible to the plaintiff if the policy was subsequently canceled.

An agent undertaking to perform services for his principal does not warrant that he will commit no error or mistake, but his undertaking is that, so far as he can, exercising ordinary care and prudence, and acting in good faith, he will serve his principal. As applied to this case the jury should have been instructed that unless they found either negligence, bad faith or dishonest practice connected with this transaction on the part of the defendant, the plaintiff was not entitled to recover; and for this error the judgment should be reversed.

All concurred.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.