Larry L. Gollaher, Thompson, Coe, Cousins, Irons & Porter, Dallas, for appellant.

Tygrett, Chandler & Kerr, Howard V. Tygrett, Jr., Dallas, for appellees.

**GULF INSURANCE COMPANY, Appellant,**

v.

**Sherman L. OLSON, Jr., et ux., Appellees.**

**No. 5007.**

Court of Civil Appeals of Texas, Waco.

April 8, 1971.

## OPINION

HALL, Justice.

Sherman L. Olson, Jr., joined by his wife, brought this action on a homeowners policy issued to them by appellant. Judgment was rendered on a verdict in favor of the Olsons for $3,333.33, representing their alleged interest in unscheduled personal property, covered by the policy, which was destroyed by fire on May 10, 1969, while stored in the garage of their home.

If the property in question "pertained to a business, trade or occupation" of the Olsons, then, under an express provision of the policy which was pleaded defensively by appellant, the maximum coverage for the loss was $500. The jury found that the property "did not so pertain." Appellant timely filed a motion for judgment non obstante veredicto, contending that "the evidence conclusively established that the property in question pertained to a business, trade, or occupation of the insured" within the meaning of the policy exclusion. Appellant's sole complaint on appeal is that the trial court erred in failing to grant its motion for judgment.

If there is any evidence of probative worth in the record upon which the jury could have made the questioned finding, then appellant's motion for judgment notwithstanding the verdict was properly overruled. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). Moreover, a proper testing of the trial court's ruling requires that we accept the evidence and the inferences therefrom in a light most favorable to the jury finding. Harbin v. Seale (Tex.Sup., 1970), 461 S.W.2d 591.

The following facts are reasonably deducible from the record and they are virtually without dispute. On January 9, 1969, Mr. Olson and Televue, Inc., of Tampa, Florida, entered into a franchise agreement by the terms of which Mr. Olson obtained the exclusive right to use and display Televue advertising sets in a portion of Dallas for one year, and to sell ads for viewing on the sets. The sets were slide projection advertising devices. Mr. Olson paid Televue, Inc., the sum of $5,000 for the franchise; he, in turn, was given the right of possession and use of five sets, and a camera, for the term of the agreement. The sets were received by him in the last week of February, 1969, along with the camera, and some spare parts. At that time, he resigned his job with a major company in order to devote his full time to placing the sets and selling ads therefor. He rented an office and secured a business telephone. Although Mr. Olson devoted much time and effort to the Televue venture, it failed completely. On April 16, 1969, Mr. Olson, in his words, "ceased all operation of the business, brought the sets in, closed the office, had the telephone turned off, and completely ceased any operation whatsoever with regard to the sets other than negotiating with Televue to resell the franchise to another party." On that day he assumed full-time employment with a company in a line of work totally unrelated to Televue. The sets, the camera, and the spare parts were stored in his home garage. On May 10, 1969, the property was destroyed by fire in the garage.

Both parties have been unable to find a decision by the Texas courts construing the exclusionary clause in question; and we have found none.

In the case of Jerrel v. Hartford Fire Insurance Company (1960), 251 Iowa 816, 103 N.W.2d 83, 87, the court, interpreting a policy provision almost identical to the one before us, determined that "it is the character of the use not the nature of the property that is determinative of the coverage or exclusion."

In Singer v. National Fire Insurance Co. of Hartford (1970), 110 N.J.Super. 59, 264 A.2d 270, 271, the policy clause requiring construction provided that "property pertaining to a business is not covered." After reviewing cases of other jurisdictions (including the Jerrel case, supra) that had dealt with similar exclusionary provisions, the court determined the present law to be that "the mere fact that there was an explicable business motive in the past or a possible business motive in the future is not enough to take property out of the domain of 'personal' and treat it as 'pertaining to business.'"

"It is a settled rule in this state that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer;" and this rule is especially applicable to exceptions and words of limitation in a policy. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, 381 (1951).

Applying the principles of construction and interpretation set forth above to the record in this case, we hold that the evidence is legally sufficient to sustain the finding of the jury that, on May 10, 1969, the property in question did not pertain to a business, trade or profession of the insureds.

The judgment is affirmed.