◼ WILLIAM MULLARE et al., Respondents, et al., Plaintiffs, v GLENN R. EDELMAN, Appellant, and LUMBER MUTUAL INSURANCE COMPANY, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 5, 1987 in Greene County, which denied defendant Glenn R. Edelman's motion for summary judgment dismissing the complaint against him.

In March 1982, plaintiffs William and Michelle Mullare (hereinafter plaintiffs) obtained a homeowners policy of insurance from defendant Lumber Mutual Insurance Company on a residence in the Town of Hunter, Greene County. The policy was procured through defendant Glenn R. Edelman, plaintiffs' insurance agent. On July 8, 1982, the premises were destroyed by fire. Lumber Mutual disclaimed coverage, contending that the premises were being used for commercial and not residen-

tial purposes. Plaintiffs commenced the instant action charging Lumber Mutual with breach of contract and Edelman with negligent representation for having failed to obtain the appropriate commercial coverage *(see, Marrian v Robbins,* 102 App Div 214, 216; *see generally,* 29 NY Jur, Insurance, § 468, at 453 [1963]). Our focus is on the claim against Edelman. Supreme Court denied his motion for summary judgment dismissing the complaint, finding that questions of fact existed as to whether Edelman knew plaintiffs intended to utilize the premises in a commercial manner. Our review of the record supports this determination.

Whether Edelman was negligent in procuring a homeowners rather than a commercial policy of insurance necessarily depends on the degree of information available to him when plaintiffs applied for insurance. Edelman maintains that they represented that the premises would be used solely as a residence for the indefinite future. The record, however is unclear as to the actual use or intended use of this property. Prior to applying for insurance, plaintiffs had undertaken steps to operate a "ski club" on the premises. A liquor license was issued, but plaintiffs failed to obtain the necessary approvals from the Department of Health. We recognize that Mr. Mullare acknowledged in his deposition testimony that the "ski club" plans had been temporarily abandoned and that he intended to utilize the premises for residential purposes when he applied for insurance. The record, however, does not establish whether he so informed Edelman. In his moving affidavit, Edelman simply stated that "he understood from Mr. Mullare" that the house would be used as a residence, while conceding that he was not sure whether Mr. Mullare had then advised him that the required business permits had been denied. Moreover, it appears that Edelman knew repairs were being made either to render "the premises more [habitable] for a personal residence or [to] comply with objections of the Board of Health". Absent a definitive explanation for these repairs, it remains unclear whether plaintiffs had abandoned the "ski club" objective in favor of a residential use at the time Edelman procured the insurance. Given this background, we agree that questions of fact remain as to Edelman's knowledge concerning the use, or intended use of the premises and whether he reasonably procured a homeowners policy on plaintiffs' behalf. Accordingly, the motion for summary judgment dismissing the complaint against Edelman was properly denied.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.