■ FLOYD V. KENNEDY et al., Respondents, v LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant.—Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant insurance company denied, to the extent it exceeded $250, the claim of plaintiffs for reimbursement for the loss of camera equipment stolen from an automobile. In rejecting the claim, defendant relied upon the policy provision that limited its liability to "$250 on property, away from the residence premises, used at any time or in any manner for any business purpose." In moving for summary judgment dismissing the complaint, defendant met its burden by showing that plaintiff David Kennedy admitted to an agent of defendant that he used the camera equipment in his employer's business. Specifically, he admitted that he used the equipment to photograph stereo equipment installed by his employer in homes and automobiles of the employer's customers. In denying defendant's motion for summary judgment and granting summary judgment to plaintiffs, Supreme Court erred in holding that the clause limiting coverage for property "used at any time or in any manner for any business purpose" did not apply unless the "primary purpose" of the property and its use was for a business purpose. By its clear language, the limitation provision applies to property *"used at any time*

*or in any manner for any business purpose"* (emphasis added). The issue is not whether the camera equipment was used "primarily" for a business purpose, but whether it was used at all for any business purpose. Because defendant submitted proof of an admission by plaintiff David Kennedy that he used the camera equipment in his employer's business, the court should not have granted summary judgment to plaintiffs.

Nevertheless, summary judgment in favor of defendant is not warranted. In opposition to defendant's motion, plaintiff David Kennedy submitted an affidavit in which he stated that, although he occasionally used the camera equipment to take photographs of stereo equipment installed by an independent contractor, he did so strictly as a hobby. He was not required to take the photographs by his employer and was not paid by his employer to take them. By this answering affidavit, plaintiffs have created a question of fact for the jury because, if the jury accepts the statements in the affidavit as true, it can find that the camera equipment was not used for any business purpose. (Appeal from Order and Judgment of Supreme Court, Erie County, Sedita, J.—Declaratory Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Davis, JJ.