Troy SHADOAN, Appellant,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation, Appellee.

No. 84217.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 20, 1994.

As Corrected Jan. 11, 1995.

Rehearing Denied Jan. 17, 1995.

Certiorari Denied March 22, 1995.

Terry L. Weber, Tulsa, for appellant.

John S. Gladd, Tulsa, for appellee.

### MEMORANDUM OPINION

CARL B. JONES, Judge:

The trial court granted summary judgment upholding a $2,500 limitation upon recovery in Appellant's homeowners insurance policy for property used for any business purposes. Appellant asserts the policy provision is ambiguous. We disagree.

Appellant suffered a theft loss from his home on September 13, 1991. He submitted proof of loss to his homeowners insurer, Liberty Mutual Fire Insurance Company ["Liberty Mutual"] claiming loss $25,594.40 worth of property, by far the greater part of which consisted of tools, which Appellant valued at $21,596.37. Through subsequent negotiation, and by agreement after commencement of this lawsuit, the parties narrowed their dispute about the theft loss to one issue, related to the following limitation in

"Coverage C—Personal Property" in the policy:

> **Special Limits of Liability.** These limits do not increase the Coverage C limit of liability. The special limit for each numbered category below is the total limit for each loss for all property in that category.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> 9. $2500 on property, on the **residence premises**, used at any time or in any manner for any business purpose.

[Defendant's Brief in Support of Motion for Summary Judgment, Exh. A, p. 4; boldface original.] "Business" is defined to include trade, profession, or occupation. [*Id.*, Exh. A, p. 1.]

 Unless some technical sense is indicated, the words of a written contract are to be understood in their ordinary and popular sense, 15 O.S.1991 § 160; *Dodson v. St. Paul Ins. Co.,* 812 P.2d 372, 376 (Okla.1991); *American Iron & Machine Works Co. v. Insurance Company of North America,* 375 P.2d 873, 874 (Okla.1962). If the meaning of a contract term is uncertain, or the term can bear more than one reasonable interpretation, the term is ambiguous, and must be interpreted most favorably to the insured. *Dodson,* 812 P.2d at 376–77. However, we will not indulge a "strained and unnatural construction," nor take any provision out of context, nor focus narrowly upon one provision and thereby ignore some other in order to find an ambiguity. *Id.,* 812 P.2d at 376.

In support of its quest for summary judgment, Liberty Mutual asserted the quoted policy provision, and Appellant's deposition testimony that he had worked for at least three different employers[1] during the time he possessed the tools, that he had used the tools during each employment, that he had transported the tools to and from his place of employment, and that, on several occasions, he had left the tools there overnight. On its face, such evidence clearly justifies application of the special limits in Liberty Mutual's policy.

Appellant opposed the motion, in part, with two additional pages from his deposition. Appellant suggests that because he said (on the latter of those two pages) he could not be sure whether he had used any of his tools during his employment, there was sufficient controversy about his use of the tools to preclude entry of summary judgment. However, in the testimony attached to Liberty Mutual's motion for summary judgment, Appellant admitted he used the tools to a greater or lesser extent in each of three jobs he held before the theft loss.

Given the breadth of the limitation in the insurance policy, Appellant's uncertainty about the extent of his use of the tools is immaterial. "The issue is not whether the [property] was used "primarily" for a business purpose, but whether it was used at all for any business purpose." *Kennedy v. Lumbermen's Mutual Cas. Co.,* 190 A.D.2d 1053, 593 N.Y.S.2d 659, 660 (1993). We do not find any substantial controversy about the fact the tools were used by Appellant for his business.

Appellant also opposed the motion for summary judgment with the entire deposition of a Liberty Mutual claims specialist. Appellant relied on the specialist's testimony to demonstrate some perceived extreme applications of the policy's "business purposes" limitation. We do not mean to say that we are insensitive to Appellant's concerns about the apparent breadth of language in the Liberty Mutual policy, but we are not presented any extreme situation here. We cannot, and will not, decide any issues but those which are actually presented on appeal.

 Existence of ambiguity in a contract is a question of law for the court. *Phillips v. Estate of Greenfield,* 859 P.2d 1101, 1104 (Okla.1993); *Dodson,* 812 P.2d at 376. The expert's deposition does not create an ambiguity in the language of the special limitation. The import of the words used in the limitation is clear and unmistakable: to limit recovery for property at the insured's residence which is or has been devoted to business purposes.

---

**1.** Two of Appellant's jobs—with Overdrive Auto Service and with Western States Goodyear—apparently were related to automobile service and repair; the third job involved service and repair of lawn mowers.

After a thorough review of the record, we are persuaded that the language of the Liberty Mutual policy is unambiguous. Appellant's testimony established that his tools had been used for business purposes. The trial court judgment enforcing the policy limitation must therefore be affirmed.

By amended petition in error, Appellant has challenged the trial court's post-judgment order denying his application for attorney fees, costs, and pre- and post-judgment interest. Appellant moved for pre-judgment interest and attorney fees under 36 O.S.1991 § 3629(B)[2] as "prevailing party," and sought post-judgment interest under 12 O.S.1991 § 727(A).[3] Appellant's motion states that he filed proof of loss on September 29, 1991, but received no written offer of settlement within the following ninety days.[4]

■ Liberty Mutual's response to the motion stated that Appellant appeared to be a prevailing party under § 3629(B).[5] Nonetheless, Liberty Mutual argued Appellant should not recover his attorney fees because an award under § 3629(B) is discretionary, not mandatory, and because the fees requested were excessive and unreasonable (in part because the amount requested was more than twice what the Appellant recovered by judgment, and in part because the hourly rate requested was, in Liberty Mutual's opin-

ion, excessive). While Liberty Mutual made no written offer of settlement within 90 days after receiving Appellant's proof of loss (on October 1, 1991), it did advance $2,000 against Appellant's claim within 45 days thereafter (on October 23, 1991), and on two occasions after the lawsuit was filed it tendered additional amounts to Appellant to resolve his claim, which each time Appellant refused to accept.[6]

For the proposition that § 3629(B) grants only discretionary authority to the trial court to award attorney fees to the prevailing party, Liberty Mutual relies on *Adair State Bank v. American Cas. Co.,* 949 F.2d 1079 (10th Cir.1991). In that case, the Tenth Circuit, while acknowledging the affirmative mandate of the word "shall," decided that "by using the term "allowable," the Oklahoma legislature intended to lodge discretion with the trial judge." *Adair State Bank,* 949 F.2d at 1078. Thus, the federal circuit court construed the phrase "shall be allowable" as meaning the trial court always has discretion to award attorney fees in a case covered by § 3629(B). *Id.* We have searched in vain for any guidance on this issue from the appellate courts of this state.

With all due respect to our colleagues on the federal bench, we disagree with their interpretation of § 3629(B).[7] If the legisla-

**2.** "It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage."

**3.** "All judgments of courts of record shall bear interest at a rate prescribed pursuant to subsection B of this section ..." At the time of the judgment in this case, the prevailing interest rate per § 727(B) was 6.99% per annum.

**4.** The journal entry memorializing the trial court's judgment has attached a copy of the proof of loss submitted on that date.

**5.** "There is no doubt that Plaintiff [Appellant] meets the technical definition of the "prevailing party" under § 3629." Defendant's Response and Objection to Plaintiff's Application for Attorney's Fees, Costs, and Interest, p. 4. Liberty Mutual argued, however, that Appellant should not be considered the prevailing party because his challenge to the special limitation failed.

**6.** Liberty Mutual offered Appellant $1,012.45 on May 19, 1992, for the undisputed items of his claim less its $2,000 advance. On November 17, 1992, after Appellant had been deposed, the insurer offered to pay him $3,183.47, representing the actual cash value of Appellant's tools which he had testified had never been used for some business purpose, plus $2,500.00, the limit of recovery for business-purpose tools.

**7.** On questions of state law, we are not restrained by federal cases, but look first to our own cases

ture intended an award of attorney fees in § 3629(B) to be a *discretionary* matter, it strikes us as odd, to say the least, that they chose to precede the supposedly operative word "allowable" with one which possesses such a well-established *mandatory* meaning. "The term "shall" is a word of command or mandate, with a compulsory and peremptory meaning. It denotes exclusion of discretion and signifies an enforceable duty ..." *Davis v. Davis*, 708 P.2d 1102, 1107 n. 23 (Okla.1985). Surely then, if we accept the Tenth Circuit's view of our Legislature's intent, that body would have preferred to use the term "may," which has an equally well-established *discretionary* connotation. *See, e.g., Shea v. Shea*, 537 P.2d 417, 418 (Okla. 1975).[8]

We therefore hold that § 3629(B) *requires* an award of attorney fees to a prevailing party as defined in that statute.[9] As in every attorney fee case, trial court retains discretion to determine the proper amount of an attorney fee award.[10]

In a supplemental brief submitted to the trial court, Liberty Mutual receded from its earlier concession about Appellant's status as "prevailing party" [*See* Note 5]. Relying upon another case from the Tenth Circuit, *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431 (10th Cir.1993), and upon *Shinault v. Mid–Century Ins. Co.*, 654 P.2d 618 (Okla. 1982), Liberty Mutual argued that Appellant was not a prevailing party because his judgment did not exceed the amount which Liberty Mutual had offered to settle the claim.

■ Liberty Mutual correctly reads *Shinault* (and, by derivation, *Oulds* ) as standing for the proposition that a plaintiff's status as "prevailing party" under 36 O.S.1991 § 3629(B) must be determined by comparing the plaintiff's ultimate recovery to each settlement offer made by an insurer, even those offers which are made beyond the ninety-day period after it receives the insured's proof of loss. *Shinault*, 654 P.2d at 619 ("The insurer is the prevailing party only when the judgment is less than *any* settlement offer that was tendered to the insured, or when the insure[r] rejects the claim and no judgment is awarded.") [emphasis added]; *see Oulds*, 6 F.3d at 1445–46 ("The insurer can defend against potential liability for the insured's attorneys' fees by making an offer of judgment which turns out to be greater than the judgment actually obtained by the insured. Contrary to the plaintiff's argument, this rule applies to any offer of settlement made to the insured, not just to those which are made within the ninety-day window.").

■ Appellant recovered a judgment for a net amount of $4,095.00—the amount of his recoverable loss ($6,631.50) less his deductible and Liberty Mutual's advance payment of $2,000. This net judgment exceeded each of Liberty Mutual's offers (the greater of which was $3,183.47—*see* Note 6). Therefore, under § 3629(B) and *Shinault*, Appellant was a prevailing party, and was entitled to recover his attorney fees, and was also entitled to pre-judgment interest at the statutory rate "from the date the loss was payable pursuant to the provisions of the [insurance] contract to the date of the verdict."

Appellant was similarly entitled to his costs as a successful plaintiff under 12 O.S. 1991 § 928.[11] And, post-judgment interest

for authority. *Majors v. Good*, 832 P.2d 420, 422 (Okla.1992).

8. In the absence of a contrary indication, we assume the legislature intended their words to have the meaning attributed to them in ordinary and usual parlance. *Hurst v. Empie*, 852 P.2d 701, 706 (Okla.1993); *Riffe Petroleum Co. v. Great National Corp.*, 614 P.2d 576, 579 (Okla. 1980).

9. *Cf., Dayton–Hudson Corp. v. American Mut. Liab. Ins. Co.*, 526 F.Supp. 730, 733–34 (W.D.Okla.1981) (three essential elements of recovery of attorney fees under § 3629(B) are (1) making proof of loss; (2) no written offer of

settlement or rejection within 90 days thereafter; and (3) obtaining "prevailing party" status within the meaning of the statute).

10. An award of attorney fees is particularly within the sound discretion of the trial court. *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1189 (Okla.1987); *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 663 (Okla.1979).

11. "Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for recovery of money only ..."

accrued on Appellant's judgment pursuant to 12 O.S.1991 § 727(A).[12]

The trial court judgment is affirmed. The trial court's post-judgment order denying Appellant's application for attorney fees, costs, and interest is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.

HANSEN, P.J., and GARRETT, V.C.J., concur.

12. "All judgments of courts of record shall bear interest at a rate prescribed pursuant to subsec- tion B of this section ..."