**Edward and Deborah ZAWIERUCHA, H/W, Appellants,**

**v.**

**The PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1999.

Filed Oct. 26, 1999.

Joseph A. Zenstein, Jenkintown, for appellants.

John Mirabella, Philadelphia, for appellee.

Before POPOVICH, JOYCE and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellants, Edward and Deborah Zawierucha, appeal from the January 27, 1999 Order entering judgment in their favor and against the Philadelphia Contributorship Insurance Company (PCIC) in the amount of $3,627.01.

¶ 2 The stipulated facts are summarized as follows. Appellants owned a home in Philadelphia which was insured by PCIC. The effective dates of the policy were September 14, 1995 to September 14, 1996. On July 14, 1996, appellants' home sustained a theft loss as a result of a burglary. Appellants submitted a claim under their policy which included a twelve-page inventory of stolen items totaling $40,170.39. With a few exceptions,[1] the inventory consisted of tools which were used by appellant/husband for both business and personal purposes up until January 7, 1986 after which, and until the time of the loss on July 14, 1996, the tools were used solely for personal purposes.[2] After receiving notice and proof of the loss claimed, PCIC limited appellants' recovery for the tools to $2,500 based upon the following policy limitation:

> **Special Limits of Liability.** These limits do not increase the Coverage C limit of liability. The special limit for each numbered category below is the total limit for each loss for all property in that category.

> . . .

> ■ 8. $2500 on property, on the "residence premises," used at any time or in any manner for any "business" purpose.

Thus, the total recovery for all items stolen was $3,627.01 ($2,500 plus $1,127.01).

¶ 3 On July 1, 1997, appellants filed a complaint against PCIC alleging breach of contract and bad faith. Both parties filed motions for summary judgment and waived their rights to oral argument. The trial court entered judgment in favor of appellants in the amount of $3,627.01 thereby affirming PCIC's interpretation of the policy limitation. The trial court concluded that the phrase at issue, "used at any time or in any manner for any 'business' purpose," is not subject to more than one interpretation and is therefore, not ambiguous. (Trial court Opinion, Glazer, J., 3/5/99, at 3.) "Thus, this issue is not *when* the tools were used for business purposes but instead, *whether* they were ever used for business purposes. Since the tools were previously used in Mr. Zawierucha's employment as a mechanic, coverage for their loss is limited to $2,500." *Id.* at 4 (emphasis in original).

¶ 4 Appellants argue that the clause is ambiguous because it does not contain a time limitation thereby rendering it subject to more than one interpretation. Although the trial court concluded the only interpretation of this language was to limit the recovery of an item used at anytime in the past for a business purpose, appellants submit the phrase could also be reasonably interpreted to limit recovery of property used for a business purpose either during the policy period at or near the time of the loss.[3]

¶ 5 The trial court concluded that while Pennsylvania courts have not specifically addressed this issue it has been considered by courts of other states, *Shadoan v. Liberty Mutual Fire Insurance Co.*, 894 P.2d

---

1. The total value of the following items is $1,127.01 and it is undisputed that they are covered under the policy: twin cylinder-tank type compressor on wheels; electric welder; 26″ dirt bike; weed whacker; whacker and trimmer; electric leaf blower; and a lawn mower.

2. Appellant/husband ceased using the tools for business purposes due to physical injuries sustained in an accident.

3. The tools ceased being used for business purposes nearly nine years and eight months prior to the effective date of the policy and more than ten and one-half years prior to their loss on July 14, 1996.

1140 (Okla.Ct.App.1995) and *Kennedy v. Lumbermen's Mutual Casualty Co.*, 190 A.D.2d 1053, 593 N.Y.S.2d 659 (1993) and their reasoning is instructive. We agree.

¶ 6 In *Shadoan,* the insurance policy contained a clause which was virtually identical to the one in the instant case and the court concluded the purpose of the words was clear: to limit recovery for property which has been or is currently being used for business purposes. *Id.*, 894 P.2d at 1142. In *Kennedy*, the court concluded that a clause which excluded property "used at any time or in any manner for any business", was not ambiguous. *Id.*, 190 A.D.2d at 1053–54, 593 N.Y.S.2d at 660. Appellants' attempts to distinguish the aforesaid cases are not persuasive. Where, as here, such policy language is clear and unambiguous, we are required to give effect to that language. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). Accordingly, the trial court did not err by concluding that the clause in question was unambiguous.

■■■ ¶ 7 Appellants next argue the clause is unconscionable and that the trial court erred by failing to address the issue. The trial court's failure in this regard is harmless error as there is no merit to appellants' underlying contention. A policy provision is unconscionable if: 1) one of the parties to the contract lacked a meaningful choice as to whether to accept the provision in question; and 2) the challenged provision unreasonably favored the other party to the contract. *Koval v. Liberty Mutual Insurance Co.*, 366 Pa.Super.

415, 531 A.2d 487 (1987), *appeal denied,* 518 Pa. 619, 541 A.2d 746 (1988). Appellants assert they had absolutely no choice as to the terms of the insurance policy and, therefore, lacked any meaningful choice about whether to accept the special limitation of liability for property used for any business purpose. Appellants, however, failed to offer any evidence that they were in any way prohibited from negotiating different contract terms. There is no record indicating that they ever inquired about the provision at issue or asked to insure the tools for more than $2,500 and were declined. Presumably, appellants could have purchased additional coverage and paid a higher premium. In short, appellants have failed to establish that they lacked meaningful choice as to whether to accept the provision in question. We conclude the clause in question is not unconscionable.[4]

¶ 8 Appellants next argue that the tools should not be classified as business property since they were no longer being used for business purposes. Appellants concede no case law exists in Pennsylvania on this precise issue but assert that based on how other states have defined business property,[5] their tools should be classified as personal property and be covered under the policy. PCIC, however, contends the cases relied upon by the appellants are not persuasive because the policy provisions therein were not similar to the one at issue in this case. We agree. Neither provision contained language indicating that the exclusion was applicable to property used for

4. Appellants also argue that the clause unreasonably favored PCIC because it would serve to limit liability for property used for any business purpose even if the property has not been used in a business capacity for a thousand years. We need not address this argument as appellants failed to establish the first prong of the unconscionability test. We note, however, that all exclusions favor the insurer and simply because a loss is not covered does not mean that a provision unreasonably favors the insurer.

5. In *Gulf Insurance Co. v. Olson*, 469 S.W.2d 715 (Tex.Civ.App.1971), the court looked at the way the property was actually being used at the time of the loss rather than how it was used either before or after the loss. In *Singer v. National Fire Insurance Co. of Hartford*, 110 N.J.Super. 59, 264 A.2d 270 (1970), the court held that the determination as to whether certain property is business or personal is made by looking at the purpose for which it is ordinarily used and the manner in which it is ordinarily kept.

a business purpose at "any time."[6] Accordingly, the trial court herein did not err by concluding that the issue is not *when* the tools were used for a business purpose but rather, *whether* they were ever used for business purposes. (Trial Court Opinion, at 4.)

¶ 9 Finally, appellants argue that their reasonable expectations must be considered. Appellants failed, however, to raise this issue in their motion for summary judgment and, therefore, have not properly preserved it for our review.[7]

¶ 10 Accordingly, the trial court did not err in entering judgment in favor of appellants and against PCIC in the amount of $3,627.01.

¶ 11 Judgment affirmed.

---

**6.** In *Gulf, supra* at 715 and *Singer, supra* at 60–61, 264 A.2d at 271, the limitations in question merely applied to property "pertained" or "pertaining" to a business.

**7.** We note that "an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous." (Citation omitted.) *St. Paul Mercury Insurance Co. v. Corbett,* 428 Pa.Super. 54, 630 A.2d 28, 30 (1993).