■ J. DANIEL ROLAND et al., Respondents-Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE Co., Appellant-Respondent, and MARYLOU GALLEGO, Respondent. [730 NYS2d 599] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action after defendant Nationwide Mutual Fire Insurance Co. (Nationwide) denied their claim under their homeowner's policy. The claim arose from the collapse of a "carriage" barn located on plaintiffs' property and covered under the "other structures" portion of the policy. Supreme Court properly denied that part of the motion of Nationwide and defendant Marylou Gallego, Nationwide's insurance agent, and the cross motion of plaintiffs seeking partial summary judgment on the issue of coverage under the policy. There is an issue of fact whether during the policy period plaintiff J. Daniel Roland recorded music in the barn as part of his music recording business and thus whether the barn was "used in whole or in part for business purposes," a use that would exclude coverage under the policy. We further conclude, however, that Nationwide may not deny coverage based upon the use of the barn for the storage of business items. The phrase "used in whole or in part for business purposes" is ambiguous in the absence of any qualifying language (*cf., Kennedy v Lumbermen's Mut. Cas. Co.*, 190 AD2d 1053) and therefore must be construed in favor of the insureds (*see, Boggs v Commercial Mut. Ins. Co.*, 220 AD2d 973, 974-975).

The court erred, however, in granting that part of the motion of Nationwide and Gallego seeking summary judgment dismissing the complaint against Gallego. Even assuming, arguendo, that Gallego met her initial burden, we conclude that plaintiffs raised an issue of fact whether Gallego was negligent in procuring a homeowner's policy of insurance for them rather than a commercial policy (*see, Mullare v Edelman*, 133 AD2d 1003, 1004). In opposition to the motion of Gallego, plaintiffs presented evidence that they requested insurance covering a

specific type of loss, yet Gallego procured insurance that would not cover such loss (cf., *Brownstein v Travelers Cos.*, 235 AD2d 811, 813). We therefore modify the order and judgment by denying in part the motion of Nationwide and Gallego and reinstating the complaint against Gallego. (Appeals from Order and Judgment of Supreme Court, Erie County, NeMoyer, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.