■ R.B. WOODCRAFT, INC., et al., Respondents, v ACADIA INSURANCE COMPANY et al., Defendants, and STATE FARM INSURANCE COMPANY et al., Appelants. [876 NYS2d 597]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 28, 2008. The order, insofar as appealed from, denied the cross motion of defendants State Farm Fire and Casualty Company, incorrectly

sued as State Farm Insurance Company, and Jon Brittain, incorrectly sued as John Britton, for summary judgment dismissing the second amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting in part the motion of plaintiffs and granting judgment in favor of plaintiffs and against defendant State Farm Fire and Casualty Company, incorrectly sued as State Farm Insurance Company, on the second cause of action and by granting in part the cross motion of defendants State Farm Fire and Casualty Company and Jon Brittain, incorrectly sued as John Britton, and dismissing the second amended complaint against defendant Jon Brittain and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant State Farm Fire and Casualty Company, incorrectly sued as State Farm Insurance Company (State Farm), issued a homeowner's insurance policy to Raymond A. Brooks and Kelly E. Brooks (plaintiffs). Both a residence and a detached pole barn were located on plaintiffs' property. When a fire destroyed the pole barn, plaintiffs submitted a claim to State Farm for the loss of the pole barn and their personal property located in it. State Farm paid the claim with respect to the personal property but refused to pay the claim with respect to the pole barn, relying on a policy exclusion for "other structures . . . used in whole or in part for business purposes."

We conclude that Supreme Court properly denied that part of the cross motion of State Farm and insurance agent Jon Brittain, incorrectly sued as John Britton (defendants), for summary judgment dismissing the second amended complaint against State Farm. Despite the absence of a cross appeal by plaintiffs (see Hillman v Eick, 8 AD3d 989, 991 [2004]; see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110 [1984]), however, we further conclude that the court erred in denying plaintiffs' motion for summary judgment in its entirety. Rather, we conclude with respect to the second cause of action that plaintiffs are entitled to summary judgment determining that State Farm is obligated to pay their claim with respect to the pole barn and to a money judgment for that claim. We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine the amount owed by State Farm to plaintiffs for the loss of the pole barn and to direct the entry of judgment in favor of plaintiffs for that amount together with interest, costs, and disbursements. We reject defendants' contention that the storage of business items

in the pole barn established as a matter of law that the pole barn was being used in part for business purposes. Rather, we conclude that State Farm "may not deny coverage based upon the use of the barn for the storage of business items. The phrase 'used in whole or in part for business purposes' is ambiguous in the absence of any qualifying language . . . and therefore must be construed in favor of the insureds" (*Roland v Nationwide Mut. Fire Ins. Co.*, 286 AD2d 872, 872 [2001]). In light of our determination, we further modify the order by granting that part of defendants' cross motion for summary judgment dismissing the second amended complaint against Brittain. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.