F I L E D
United States Court of Appeals
Tenth Circuit

JAN 29 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

ERIC EVERETT SMITH, also known
as Bubba Smith,

      Defendant-Appellant.

No. 97-7014
(D.C. No. CR-96-53-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

Defendant-appellant Eric Everett Smith appeals from his convictions for

possession with intent to distribute methamphetamine (count I), 21 U.S.C.

§ 841(a)(1), use of a communications facility to commit or facilitate distribution

and possession with intent to distribute methamphetamine (count II), 21 U.S.C.

§ 843(b), and interstate travel in aid of an unlawful activity, namely possession

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

with intent to distribute methamphetamine (count III), 18 U.S.C. § 1952(a)(3). He was sentenced to 120 months imprisonment on count I, 48 months on count II, and 60 months on count III, all to run concurrently. On appeal, he contends that the district court erred in not suppressing a photographic lineup and testimony about pretrial identification. He further contends that the evidence was insufficient. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

Pursuant to a parcel interdiction program at the Bakersfield, California, Federal Express office, a detective came across two packages addressed to Betty Smith, 1653 E. 13th St. in Okmulgee, Oklahoma, with a return address of Eric Smith, 222 Forrest Ave. Laguna Beach, California. Betty Smith is Mr. Smith's mother, with whom he resided in Okmulgee.

The detective asked a Federal Express agent about the shipper of the packages and she described him as a white male, tall, stocky, with light brown hair and middle-aged. The packages were subjected to a canine sniff, the canine alerted, a search warrant was obtained and the packages were opened. The smaller package contained a pound of methamphetamine while the larger contained a heat sealer.

The packages were resealed and sent to law enforcement in Okmulgee for a

controlled delivery. A DEA agent delivered the packages to a woman at the Okmulgee residence who identified herself as Betty Smith, but whose real name was Rachel Holt. Ms. Holt indicated that her husband was waiting for the packages. The agents returned to arrest Ms. Holt and Mr. Smith. Mr. Smith came to the door with the package containing the methamphetamine, but no methamphetamine was present. While in jail, Mr. Smith attempted to send a note to Ms. Holt stating that "If you and I keep both are [sic] mouths shut we will get out because the evidence got flushed." Aplee. Addendum to Br. at 1 (Pl. ex. 41). Sometime later, the Bakersfield Federal Express agent identified Mr. Smith as the shipper based on a photographic lineup with six subjects. See Aplee. Addendum to Br. at 2; see also I R. doc 9 ex. A (photos attached to government's brief in opposition to suppression motion). At trial, however, the agent testified that she could not positively identify the shipper in the courtroom, but she reaffirmed that she had selected the photograph of the defendant from the photographic lineup.

At trial, the defense contended that Mr. Smith wrote the note to protect Ms. Holt. III R. 59-60, 269-70. According to the defense, someone other than Mr. Smith, perhaps the male companion of Mr. Smith's sister or another enemy, sent the package to Mr. Smith and involved his family. Id. at 232. When Mr. Smith discovered the contents of the package, he immediately destroyed it with the motive of protecting himself and his family. Id. at 57-58, 271.

## Discussion

## A.  Photo Array

In a due process challenge concerning a photographic array, we review the district court's factual findings under the clearly erroneous standard and the ultimate constitutional question de novo.  United States v. Sanchez, 24 F.3d 1259, 1262 (10th Cir.), cert. denied, 513 U.S. 1007 (1994).  A court first considers whether the array is impermissibly suggestive.  Simmons v. United States, 390 U.S. 377, 384 (1968).  If so, the totality of the circumstances involved in the identification, weighing in the effect of the suggestive identification, are considered.  Manson v. Brathwaite, 432 U.S. 98, 114 (1977).  If the identification is deemed reliable, due process has not been compromised.  See Sanchez, 24 F.3d at 1261-62.  Reliability turns on

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972); see also Grubbs v. Hannigan, 982 F.2d 1483, 1490 (10th Cir. 1993).

Mr. Smith argues that the photographs contained in the array are impermissibly suggestive because although all six photos are of white males, only

one other photo (Pl. ex. 22) portrays a stocky and possibly middle-aged male. Aplt. Reply Br. at 1. Additionally, Mr. Smith notes that only one photo (Pl. ex. 25) portrays a male with light brown hair. Id. Notably, that photo is not that of Mr. Smith (Pl. ex. 24), so we fail to see how that disadvantages him. At the suppression hearing, counsel also raised the fact that Mr. Smith appeared to be the only subject in a jail outfit and the only subject with disheveled hair. II R. 15-16. Mr. Smith also pointed out that the Federal Express agent that identified him was not the one that actually received the package. I R. doc. 5 at 2; II R. 17.

Additional facts shed light on and place these contentions in perspective. The Federal Express agent gave a description of the person shipping the packages on the day the packages were received. II R. 7-8; III R. 83. The pretrial identification with the photo array occurred some eleven days later. II R. 8. The Federal Express agent was told that the person may or may not be in the group. Id. at 10. Although she was not the one that actually accepted the packages for shipment, she testified that she saw the person for two minutes and talked to him about the paperwork. III R. 88, 90, 92. Although she sees 75 customers per day, the person she identified was the only person at the front counter when she waited on him. Id. at 90. The area where she stood is lighted. II R. 13. She further testified that her attention was drawn to him because he was nervous. III R. 88, 94. Regarding the photo array, she testified that the color of the subjects'

clothing had nothing to do with her identification. Id. at 88.

We have reviewed the photos in the array as did the district court. Its finding that the six photos are similar to the physical description given by the Federal Express agent is not clearly erroneous. Given the natural subjectivity in evaluating terms like "stocky" and "middle-aged" and hair that is "mussed up," II R. 16, we cannot say that the subjects are dissimilar. The Federal Express agent testified that the subjects' attire did not influence her identification. Merely because she could not positively Mr. Smith at the time of trial does not mean that her earlier identification was a product of a due process violation. Because we agree with the district court's factual finding concerning similarity, we affirm its legal conclusion that the array was not unnecessarily suggestive and no due process violation occurred. See Sanchez, 24 F.3d at 1262.

## B. Sufficiency of the Evidence

In reviewing a challenge to the sufficiency of the evidence, we consider all of the evidence, direct and circumstantial, in the light most favorable to the government to ascertain whether any rational trier of fact could find the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard emphasizes that it is the jury's role "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from

basic facts to ultimate facts." Id.

To establish possession with intent to distribute methamphetamine, the evidence must prove beyond a reasonable doubt that the Defendant knowingly possessed the methamphetamine and that he possessed it with the specific intent to distribute it. United States v. Reece, 86 F.3d 994, 996 (10th Cir. 1996). Mr. Smith argues that insufficient evidence of possession exists. He relies on the Federal Express agent's inability to identify him in court and the absence of corroborating evidence such as fingerprints, travel records or handwriting evidence that might connect him to Bakersfield. He reminds us that the package was delivered to his girlfriend, the contraband was never discovered, and he maintains that some evidence created doubt as to whether the incriminating note was authored by him. See Aplt. Br. at 7.

Mr. Smith implicitly challenges the sufficiency of the evidence identifying him as the person who committed the offenses in question. Without question, an essential element of every case is that the government prove beyond a reasonable doubt that the defendant is indeed the person who committed the offenses. See United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir.), cert. denied, 116 S. Ct. 210 (1995). The Federal Express agent's inability to identify the defendant in court cuts against the government's case, but there is no requirement of an in-court identification when other evidence permits the inference that the defendant

is the person who committed the offense.  See United States v. Gomez, 810 F.2d 947, 953 n.4 (10th Cir.), cert. denied, 482 U.S. 908 (1987).  Here, testimony about the pretrial identification, the return address on the package, and Mr. Smith's subsequent encounter with law enforcement authorities provided sufficient evidence of identification.

Regarding evidence of possession, the jury could consider (1) the pretrial identification of Mr. Smith by the Federal Express agent, (2) the addresses contained on the packages, (3) that Rachel Holt indicated that her husband was waiting for the packages, (4) the disappearance of the contraband in light of the explanation contained in Mr. Smith's note to Rachel Holt, and easily find possession beyond a reasonable doubt.  The pretrial identification by the Federal Express agent is particularly probative because at that time Mr. Smith had exclusive possession of the package containing the contraband.  See id.  Though Mr. Smith suggests additional steps the government might take to prove its case, the government is entitled to rely upon the collective evidence and its reasonable inferences.  See United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir.), cert. denied, 475 U.S. 1128 (1986).  The jury was free to reject as implausible, based upon the trial evidence, the defense theory that Mr. Smith destroyed the methamphetamine so as to protect his family and the defense explanation of the note.

To establish use of a communications facility to facilitate a drug transaction, the evidence must prove beyond a reasonable doubt that the Defendant knowingly used a communication facility to commit or facilitate distribution or possession with intent to distribute methamphetamine. See United States v. Johnson, 57 F.3d 968, 971 (10th Cir. 1995). Mr. Smith contends that the government failed to prove that he used the Bakersfield Federal Express office. Again, the pretrial identification of Mr. Smith by the Federal Express agent seriously undermines this contention. Her testimony not only pertained to identity, but also the method and manner of Mr. Smith's use. Moreover, the package itself connected Mr. Smith given the addresses.

Finally, to establish interstate travel in aid of an unlawful activity, the evidence must prove beyond a reasonable doubt that Defendant (1) used facilities of interstate commerce (2) with the intent to promote, manage, establish, facilitate or carry on any unlawful activity, and (3) the performance or an attempt to perform that unlawful activity. See United States v. Harris, 903 F.2d 770, 773 (10th Cir. 1990). The third element requires an overt act. United States v. Stevens, 612 F.2d 1226, 1231 (10th Cir. 1979), cert. denied, 447 U.S. 921 (1980). Mr. Smith contends that proof that he traveled in interstate commerce in aid of an unlawful activity is lacking. To the contrary, a rational trier of fact could find beyond a reasonable doubt that Mr. Smith traveled from Okmulgee to Bakersfield,

performed various acts in furtherance of the unlawful activity, and returned to Okmulgee and received the contraband at his residence.

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge