**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WESTERN FARMERS ELECTRIC
COOPERATIVE, an Oklahoma
Cooperative,

        Plaintiff-Appellant,

v.

ST. PAUL INSURANCE COMPANY,
Houston Texas, a Texas Insurance
corporation,

        Defendant-Appellee.

Nos. 97-6005 & 97-6213
(D.C. No. 94-CV-641)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This suit arises out of a three-year directors' and officers' liability insurance policy (D & O policy) that defendant St. Paul Insurance Company (St. Paul) issued to plaintiff Western Farmers Electric Cooperative (Western Farmers) in October 1976.  Western Farmers and its trustees were sued in 1977, along with some other defendants.  See Hargrave v. Canadian Valley Elec. Coop., No. C-77-179, District Court of Seminole County, Oklahoma.  As a result, Western Farmers sought reimbursement from St. Paul under its D & O policy.  The extent of St. Paul's obligation to Western Farmers is the crux of these appeals.  At this point, suffice it to say that St. Paul made periodic payments to Western Farmers as the Hargrave litigation progressed.  After a lengthy history, issues of rate discrimination and breach of fiduciary duties in the Hargrave action were bifurcated for trial by an order dated August 28, 1992.  The Western Farmers' trustees were voluntarily dismissed from the rate discrimination case shortly after opening statements, and the trial court ultimately entered a directed verdict of over $18 million against Western Farmers on the rate discrimination claims.  The Hargrave plaintiffs later also voluntarily dismissed their breach of fiduciary duties claim against the Western Farmers trustees.  The Hargrave suit

was finally concluded in December 1994, when the judgment against Western Farmers was reversed on appeal.

St. Paul had stopped making payments to Western Farmers several years before then. Dissatisfied with the amount St. Paul had paid, Western Farmers filed this suit on May 3, 1994, before the Hargrave suit was ended, seeking reimbursement for the multi-million dollar judgment against it, as well as its costs of defending both the corporation and its trustees. St. Paul answered that it had no additional liability to Western Farmers. The district court held this suit in abeyance until the Hargrave litigation was concluded, which mooted Western Farmers' claim for reimbursement of the multi-million dollar judgment.

On cross-motions for summary judgment, the district court determined that St. Paul's obligation under the D & O policy was limited to paying only the defense costs of Western Farmers' trustees, and not the corporation's defense costs. The district court also determined that Western Farmers and St. Paul, through a series of letters exchanged at the outset of the Hargrave litigation, had created a "cost sharing agreement" supplementing the D & O policy because Western Farmers chose to be jointly defended with its trustees. See II Appellant's App. at 370, 376 (district court's September 27, 1996 order granting summary judgment to St. Paul). The court found that this agreement specified that St. Paul would pay the trustees' separately identifiable defense costs and half of Western

Farmers' and its trustees' joint defense costs.  See id. at 376.  Finally, because the August 1992 bifurcation of the issues for trial led almost immediately to the dismissal of the trustees from the suit, the court determined that costs incurred after that date should be allocated to Western Farmers.  The district court entered summary judgment in favor of St. Paul and denied Western Farmers' motion for partial summary judgment.  This resulted in a determination in favor of Western Farmers that St. Paul was liable to it for any unpaid costs under the cost-sharing agreement.  Based on the district court's judgment, the parties later stipulated that St. Paul owed Western Farmers an additional $65,000.00.  The district court denied Western Farmers' subsequent motion for attorney's fees and prejudgment interest.  Having expressly reserved its right to challenge the district court's grant of summary judgment to St. Paul, Western Farmers now appeals.  We have jurisdiction under 28 U.S.C. § 1291.

On appeal, Western Farmers argues that the district court erred:  (1) in holding that the costs of Western Farmers' defense of the Hargrave rate discrimination claims did not fall within the terms of the D & O policy; (2) in interpreting the terms and effect of the cost-sharing agreement; (3) in determining that St. Paul did not have to pay the defense costs of Western Farmers' trustees past the date of bifurcation; and (4) by denying Western Farmers' application for attorney's fees and prejudgment interest.

We review the grant of summary judgment de novo, applying the same standard as that used by the district court. See Clemmons v. Bohannon, 956 F.2d 1523, 1525 (10th Cir. 1992). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). Under Oklahoma law, which governs this diversity case, "'[t]he interpretation of an insurance contract . . . is a matter of law for the Court to determine and resolve accordingly.'" Kerr-McGee Corp. v. Admiral Ins. Co., 905 P.2d 760, 762 (Okla. 1995) (quoting Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991)).

Regarding Western Farmers' first three issues, we adopt the analysis of the district court, which considered the evidence in detail. We agree that under either the D & O policy or the series of letters exchanged between Western Farmers and St. Paul after the Hargrave suit was filed (the "cost sharing agreement," as termed by the district court), St. Paul was obligated to pay only the trustees' defense costs, not the corporation's defense costs as well. Because St. Paul was not responsible for the entire cost of defense (which Western Farmers does not argue), a method of allocating the costs was necessitated by Western Farmers' decision to be jointly defended with its trustees. We agree with the district court

that the correspondence between the parties constitutes their settlement of that matter, and that it reflects their agreement that St. Paul would pay the trustees' separately identifiable defense costs and half of joint defense costs. Western Farmers did not specifically reserve the right to change the agreement expressed in the parties' correspondence. We hold that the district court's construction of the parties' correspondence and their course of conduct was reasonable. In addition, because the bifurcation of the issues for trial in the Hargrave action led almost immediately to the dismissal of the trustees from the suit, it was appropriate for the district court to allocate defense costs incurred after that date exclusively to Western Farmers.

Western Farmers' final argument is that it is entitled to attorney's fees and prejudgment interest. We agree. Under Oklahoma law, attorney's fees are not recoverable as damages unless they are expressly provided for by contract or statute. See Magnum Foods, Inc. v. Continental Cas. Co., 36 F.3d 1491, 1509 (10th Cir. 1994). Western Farmers claims it is entitled to attorney's fees and prejudgment interest under Okla. Stat. tit. 36, § 3629B, which requires it to show that: (1) it made a proof of loss to St. Paul under an insurance policy; (2) St. Paul failed to make a written offer of settlement or rejection of the claim within ninety days; and (3) it is the prevailing party within the meaning of the statute.

See <u>Dayton-Hudson Corp. v. American Mut. Liab. Ins. Co.</u>, 526 F. Supp. 730, 733-34 (W.D. Okla. 1981).

We believe Western Farmers has met its burden and should be awarded attorney's fees and prejudgment interest under § 3629B. St. Paul admits that it was obligated by the D & O policy, as supplemented by the cost-sharing agreement, to pay the Western Farmers' trustees' separately identifiable defense costs and half of all joint defense costs. St. Paul further admits it made periodic payments to Western Farmers as the <u>Hargrave</u> litigation progressed, based on that obligation. This course of conduct did not change until Western Farmers retained additional counsel in 1988, which mistakenly sent its bills to Western Farmers instead of St. Paul for several years. When counsel realized its mistake, it sent St. Paul's counsel an explanation and a demand for additional payment. <u>See</u> I Appellant's App. at 105. St. Paul admits it received this letter but its counsel lost it. <u>See</u> Appellee's Br. at 13. St. Paul points to nothing in the record to show that it ever responded to the letter, or to verify its professed willingness to complete its obligation to Western Farmers before that company filed suit. In its answer, St. Paul asserted it had no further liability at all to Western Farmers. <u>See</u> I Appellant's App. at 13-14, ¶¶ XV, XVI; <u>cf.</u> <u>Ballinger v. Security Connecticut Life Ins. Co.</u>, 862 P.2d 68, 71 (Okla. 1993) (holding insurer showed willingness to pay beneficiary named on policy by tendering money to court).

Thus, we conclude that Western Farmers' counsel's July 6, 1992 letter should be construed as a proof of loss under the D & O policy for purposes of § 3629B. See Dayton-Hudson, 526 F. Supp. at 734 (construing letter as proof of loss under § 3629B). St. Paul's failure to respond satisfies the second statutory requirement. Third, because Western Farmers was awarded a judgment against St. Paul, which had made no settlement offer, Western Farmers is the prevailing party in this action. See An-Son Corp. v. Holland-America Ins. Co., 767 F.2d 700, 703 (10th Cir. 1985) (holding insured is prevailing party under § 3629B unless insured's judgment is less than any settlement offer by insurer or insured receives no judgment). Therefore, we remand the case for a determination of attorney's fees and prejudgment interest. It is within the district court's discretion to determine an appropriate amount, taking into account that Western Farmers did not prevail on all of its claims. See Shadoan v. Liberty Mut. Fire Ins. Co., 894 P.2d 1140, 1144 & n.10 (Okla. Ct. App. 1994).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED in part, and the case is REMANDED for additional proceedings consistent with this order and judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge